MITCHERSON
*vs*
GRAYS, &c.

---

## Mitcherson *vs* Grays and Satterfield.

### ERROR TO THE CALDWELL CIRCUIT.

*Bills of exchange. Protests.*

JUDGE MARSHALL delivered the opinion of the Court.

PET. & SUM.

*Case* 80.

*April* 18.

Case stated.

THIS is a case of a petition, brought by the Grays and Satterfield under the 6th section of the act of 1837–8, (3 *Stat. Law*, 494,) upon an order for $247 89, drawn by Mitcherson, in their favor, upon J. H. Wood, treasurer of the Logan, Todd, and Christian Turnpike Road Company.

The petition avers a presentation of the order, in time, to said Wood, and that notice of non-payment was given in due time to the defendant.

It appears that the drawer resided at Princeton, in Caldwell county, and the drawee at Hopkinsville, in Christian county, and that the order, which is dated the 24th of June, 1842, was presented by one of the payees to Wood, for acceptance and payment three or four times daily, before the 30th of June, when it was finally presented by a notary public, who protested it for non-payment, and on the same day, (the 30th,) placed a written notice of the protest in the post-office, directed

to the drawer, at Princeton. The drawer, who was a witness, stated that the company was indebted to Mitcherson the amount of the order, but he refused, on every presentation of it, either to accept or pay it, because the Company had no funds at that time, and was not accepting orders.

In the progress of the trial, and after the protest had been read in evidence, the defendant moved to dismiss the petition, which being refused, he moved for instructions that the jury should· find as in case of a nonsuit, and this motion having been also overruled, he offered to prove that the defendant was a contractor with said Company for the construction of a part of the road; that the plaintiffs were sub-contractors under him; that the order sued on was drawn to pay them for their labor as such; and that the said Company did all their business with sub-contractors through the original contractors, requiring the latter to draw in favor of the former—but the evidence being objected to was not admitted by the Court.

The proper mode of taking advantage of a variance between the allegation and proof, is a motion to instruct as in case of nonsuit.

The motion to dismiss was founded, as we understand, on the objection that the petition did not aver that the order had been protested and notice thereof given, when it appeared by the evidence that this had been in fact done. But the motion to dismiss was certainly an irregular mode of taking advantage of a defect in the petition tho' made apparent· only by the evidence. The proper consequence of a material discrepancy betwen the declaration and the proof is a verdict ·for the defendant, as in case of a nonsuit. And if a fact be proved, the existence of which would defeat the action because it is not stated in the declaration, it should, in like manner, operate upon the verdict. If, therefore, the protest were a fact of this character, there was no error in refusing to dismiss the suit upon the evidence.

Proof of protest of a domestic bill, where no protest is averred, is no ground for a nonsuit.

But we are of opinion that the proof of a protest having been made, which was not averred in the petition, was not even a ground of nonsuit. The first and second sections of the act referred to prescribe the form of the petition upon protested bills and notes discounted at bank, (where a protest is, by law, necessary to charge

MITCHERSON
*vs*
GRAYS, &c.

some of the parties,) and the form which the statute re-
quires to be pursued, in substance, contains an averment
of notice of protest. The sixth section enacts "that the
provisions of the first and second sections shall be extend-
ed so as to authorize suits, by petition, on domestic bills,
or common orders and checks, in all respects as author-
ized in the case of protested bills, except that the peti-
tion need not alledge a protest and notice thereof unless
the protest and notice shall have been made; nor shall
the statement of protest and notice, in the petition, make
it necessary to prove such protest and notice, where the
law does not make it necessary to charge the defendants."

Now it is clear, upon the face of this section, that
when a protest is unnecessary by the general law, to fix
the liability of the defendants, it need not be proved tho'
averred, and is, therefore, in view of the section, entirely
immaterial. If then, the section should be understood
as prescribing that, even in such a case, protest and no-
tice, when made, should both be averred though the pro-
test need not be proved, still as the averment must, on the
face of the statute, be deemed entirely unsubstantial, the
omission of it is a merely formal and immaterial defect,
and it never has been held that such a defect in the dec-
laration, tho' made apparent by the proof only, is proper
ground of nonsuit. It would be inconsistent with the
liberality which characterizes our legal proceedings, and
our entire legislation in regard to them, to introduce a
practice which would defeat a cause of action substan-
tially presented in an appropriate form of action, on the
ground of a merely formal defect in the pleading.

*By the 6th sec. of the statute of 1837, where a protest of a bill is unnecessarily averred, it need not be proved tho' the protest may have been in fact made.*

We do not admit, however, that the sixth section, up-
on a fair construction, requires the averment in question
to be made in any case where the fact of notice of pro-
test is not necessary to charge the defendant. Even the
first and second sections, which prescribe the form of the
petition in the cases to which they apply, require it to be
pursued in substance only. If then, the sixth section
had merely extended the provisions of the first and se-
cond so as to authorize the proceeding by petition upon
domestic bills, &c. in all respects as authorized in the
case of protested bills, it could scarcely have been con-

*Averment and proof of protest unless protest is necessary to charge the defendant.*

MITCHERSON
*vs*
GRAYS, &c.

tended that the averment of notice of protest is matter of substance when applied to an order which does not require protest. But the latter clause of the section was introduced for the express purpose of adapting the form prescribed for bills, but which required protest, to the case of bills which do not require protest, and it would be laying too much stress upon the peculiar mode of expression used, and paying too little regard to the obvious general intention of the legislature, and to the general principles of pleading, to construe the clause which dispenses with the averment of protest and notice thereof, "unless the protest and notice shall have been made," as an imperative requisition, that if the fact exists it must be averred; though the proof of the averment is expressly dispensed with.

The presentation of an order on the 2nd day after drawn, &c. and again on the 3d day thereafter, and protest and notice on the next day is reasonable diligence.

Upon the merits of the case we are of opinion that, taking into view the fact that the drawer and drawee of the order resided in different counties, an interval of six days between the date of the order and the placing of the notice of non-payment in the mail, would, in the absence of other more particular facts, authorize the jury to have found that reasonable diligence had been used. And this inferrence is not contradicted but sustained by the specific facts; for upon them the jury might have found that the order was first presented on the 26th of June, the second day after its date; that it was again presented on the 29th, which was the last day of grace, and that on the next day notice of non-payment was put in the mail. Testing the case, with regard to the time of presentation and notice of non-payment, by the strict rules applicable to foreign bills, this would be sufficient diligence, and the intermediate presentations, by the payees, on the 27th and 28th, and the subsequent presentation and protest, by the notary, on the 30th, could not possibly do any harm, but tend to prove a continued and earnest effort to procure payment from the drawee, and greater diligence than was absolutely necessary. We consider the verdict, therefore, as entirely justified by the evidence, and of course there was no error in refusing to instruct as in case of a nonsuit.

The evidence offered by the defendant and rejected by the Court was intended, as the counsel suggests, to prove that there was no consideration for the order, as between the drawer and the payees, which was undoubtedly a legitimate defence, as between those parties under the plea of *nil debit*, which the statute allows. But so far from tending to prove this defence, the evidence offered tends, when taken alone, to confirm the *prima facie* presumption arising on the order itself, that there was a consideration between these parties, consisting of the indebtedness of the drawer to the payees, for work and labor done on that part of the road which he had undertaken to construct. The defendants did not offer to prove, and the Court certainly could not know that, by the arrangement between the principal contractor and the sub-contractors, the latter were not to look to the former but to the Company for their pay, and that the order was drawn not to make payment of a debt from the contractor to the sub-contractors, but merely to enable the latter to obtain from the Company a debt which the Company owed them, and which, according to the regulations and practice in such cases, could only be done upon the order of the principal contractor.

There being, therefore, no error in the rejection of this evidence, nor in the refusal to dismiss the suit, or to instruct as in case of a non-suit, the judgment is affirmed.

*Owsley & Goodloe* for plaintiff: *Cates & Lindsey* for defendants.

